UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GABRYELLE DANIELS, | § | No. 1:25-cv-01432-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| TEXAS DEPARTMENT OF FAMILY | § | |
| AND PROTECTIVE SERVICES, | § | |
| VICKI ISRAEL, AMY MONTES, | § | |
| JACINOA MOATON, MELISSA | § | |
| MCCLURE, DURI MISTIC, DENNIS | § | |
| KYLE, KEVIN LEE, LEIGHANNA | § | |
| WEBB, | § | |
| Defendants. | § | |

_____

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is a Report and Recommendation ("Report") filed by Magistrate Judge Dustin Howell. (Dkt. # 6.) On September 2, 2025, Plaintiff Gabryelle Daniels ("Plaintiff") filed a complaint. (Dkt. # 1.) On October 9, 2025, Magistrate Judge Howell submitted a Report and Recommendation, recommending that the Court dismiss Plaintiff's cause of action against the Texas Department of Family and Protective Services ("DFPS") with prejudice and against the individual defendants without prejudice. (Dkt. # 6.) Judge Howell issued a frivolous litigant warning. (Id.) On October 21, 2025, and October 22, 2025, Plaintiff filed two

separate Objections to the Magistrate's Report and Recommendation ("Objections").  (Dkts. ## 8, 10.)

The Court finds this matter suitable for disposition without a hearing. After careful consideration, and for the reasons given below, the Court **ADOPTS** the Judge Howell's Report and Recommendation, (Dkt. # 6) and **DISMISSES WITH PREJUDICE** Plaintiff's cause of action against the Texas Department of Family and Protective Services and **DISMISSES WITHOUT PREJUDICE** Plaintiff's cause of action against Vicki Israel, Amy Montes, Jacinoa Moaton, Melissa McClure, Dori Mistic, Dennis Kyle, Kevin Lee, Leighanna Webb.[1]

BACKGROUND

The Court agrees with Judge Howell's recitation of the facts and incorporates them in full:

Plaintiff sues Defendant Texas Department of Family and Protective Services ("DFPS") for allegedly removing Plaintiff's child from her home on the basis of a false affidavit.  (Dkt. # 1 at 4.)  Plaintiff also sues Defendants Vicki Israel, Amy Montes, Jacinoa Moaton, Melissa McClure, Duri Mistic, Dennis Kyle,

---

[1] The Court notes that because Plaintiff's filings are handwritten, the spelling of some of parties' names may be incorrect.  The Court also notes that Plaintiff later included "Brandon Belt" in her list of Defendants (See Dkts. # 8, 9, 10, 12), who was not named in her original complaint (Dkt. # 1).  Regardless, as the Court explains below, Plaintiff failed to make any factual allegations against Brandon Belt or any other individual defendants to support a cause of action.

Kevin Lee, and Leighanna Webb (collectively, the "individual defendants"). (Id. at 1.) Plaintiff identifies Lee as a court-appointed special advocate, or "CASA." (Id.) She does not identify the remaining individual defendants. (See id.) Plaintiff makes no allegations in her complaint against any of the individual defendants apart from naming them as defendants. (See id.)

## LEGAL STANDARDS

I.   Review of a Magistrate Judge's Report and Recommendation

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Report and

Recommendation is clearly erroneous or contrary to law.  United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

## DISCUSSION

In his Report, Judge Howell found that Defendant DFPS is entitled to sovereign immunity and that Plaintiff has failed to state a claim against any individual defendant.  (Dkt. # 6.)

Plaintiff's objections largely consist of a recitation of conclusive statements of the law or otherwise misinterpret Judge Howell's Report.  For example, Plaintiff objects "to any portion of the [Report] suggesting that Plaintiff may be barred from seeking an appeal."  (Dkt. # 8 at 5.)  The Report never suggests as much.  To the extent Plaintiff objects "to any recommendation preventing service of Defendants," (Id.), the Court clarifies that the Report merely instructs Plaintiff to withhold from serving any defendants until the undersigned has reviewed the Report (Dkt. # 6 at 2).  Because the Court now adopts the Report and dismisses all claims, service is unnecessary.  Lastly, to the extent Plaintiff objects to Judge Howell's references to Plaintiff's prior cases, the Court rejects this objection.  The Court does not find that the Report was biased by such consideration but merely issues Plaintiff a standard warning against continuing to file frivolous lawsuits.  (See Dkt. # 6 at 4–6.)

4

Having considered Plaintiff's complaint (Dkt. # 1), supplemental briefings (Dkts. ## 4, 9, 12), and Objections (Dkts. ## 8, 10), the Court agrees with Judge Howell's finding that Defendant DFPS is entitled to sovereign immunity and that Plaintiff has failed to state any claim against the individual defendants.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 6), **DISMISSES WITH PREJUDICE** Plaintiff's cause of action against the Texas Department of Family and Protective Services, and **DISMISSES WITHOUT PREJUDICE** Plaintiff's causes of action against Vicki Israel, Amy Montes, Jacinoa Moaton, Melissa McClure, Dori Mistic, Dennis Kyle, Kevin Lee, Leighanna Webb.  The Clerk's Office is **INSTRUCTED** to **CLOSE THE CASE.**

**IT IS SO ORDERED**.

**DATED**: Austin, Texas, November 6, 2025.

_____
David Alan Ezra
Senior United States District Judge